CITY OF EUGENE
and Eugene Urban Renewal Agency

*v.*

DEPARTMENT OF REVENUE

(TC 3536)

Glenn Klein, Harrang, Long, Gary, Rudnick, Eugene, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered July 13, 1994.

**CARL N. BYERS, Judge.**

Plaintiffs seek a declaratory ruling that defendant lacked authority to recategorize plaintiffs' taxes, fees and charges in a notice of levy. The matter comes before the court on cross motions for summary judgment. There is no dispute of fact.

Plaintiff City of Eugene (City) is a municipal corporation. Plaintiff Eugene Urban Renewal Agency (Agency) is an urban renewal agency created and activated by the City.[1] On July 14, 1993, City gave notice of its tax levy to the Lane County Assessor by filing a Certification (form M-5). ORS 310.060[2] requires the notice of tax levy to categorize and separately state certain amounts to enable tax authorities to determine if the levy is in compliance with statutory and constitutional law. ORS 310.060(2)(h) identifies one of those categories as follows:

"Each amount subject to the limits of section 11b, Article XI of the Oregon Constitution, identified by the categories set forth in ORS 310.150."[3]

City's certification to the assessor categorized $910,041 as urban renewal tax increment revenue not subject to the limits of section 11b. On September 2, 1993, defendant notified the assessor and City that urban renewal tax increment revenue is subject to the limits of section 11b and should be recategorized for purposes of the levy. Defendant's correspondence requested City to revise the M-5 Certification. City did not file a revised form M-5 and, on September 28, 1993, defendant issued its order No. 93-3 "advising the assessor to change this categorization." Plaintiffs have appealed from the order under a special appeal provision pertaining to Local Budget Law matters. ORS 294.515.

Plaintiffs assert the order is invalid on the ground that defendant acted without or contrary to statutory authority.[4]

Defendant's order purported to act under ORS 310.070. That statute provides:

---

[1] The agency was created pursuant to ORS 457.035 and activated pursuant to ORS 457.035.

[2] All citations to statutes are to the 1991 Replacement Part unless otherwise expressly noted.

[3] ORS 310.150 requires the assessor to separate amounts subject to the limits of section 11b into three categories: (1) taxes to pay the principal and interest on exempted bonded indebtedness; (2) taxes to fund schools; and (3) taxes to fund other governmental operations.

[4] Although plaintiffs, in their arguments pertaining to the scope of ORS 310.070(2)(a), hint that they consider $910,041 exempt from section 11b, they do not make that specific contention.

"If the levy reported to the clerk and assessor under ORS 310.060 is in excess of the constitutional or statutory limitations, or both, the assessor, upon the advice of the Department of Revenue, shall extend upon the tax roll of the county only such part of the levy as will comply with the constitutional and statutory limitations and requirements governing the levy."

■ Plaintiffs contend this statute is not applicable because the levy did not exceed the constitutional or statutory limitations. However, it is unnecessary for the court to decide whether that statute applies because ORS 306.115(1) provides that:

"The Department of Revenue shall exercise general supervision and control over the system of property taxation throughout the state. The department may do any act or *give any order to any public officer* or employee that *the department deems necessary* in the administration of the property tax laws so that all properties are taxed or are exempted from taxation according to the statutes and Constitutions of the State of Oregon and of the United States." (Emphasis supplied.)

■ The Oregon Supreme Court, in *City of Portland v. Smith*, 314 Or 178, 838 P2d 568 (1992), held that taxes for repayment of urban renewal bonds were not exempt from the limitations of section 11b. In light of that ruling, defendant was not only authorized but obligated to advise the assessor as to the correct categorization of taxes.

Plaintiffs assert that ORS 305.580 through ORS 305.591 provide the exclusive remedies for determining the effects of section 11b on taxes, fees or charges.[5] However, defendant's action was not seeking a determination. Defendant is responsible for administering the property tax system and has the authority to make appropriate determinations in the process of administering the laws. Plaintiffs' position is inconsistent with the department's duty to construe the tax laws (ORS 305.110), to issue declaratory

---

[5] ORS 305.580(1) provides:

"The provisions of ORS 305.583, 305.585, 305.587 and 305.589 shall provide the exclusive remedy for determination of questions concerning the effect of the limits of section 11b, Article XI of the Oregon Constitution on taxes, fees, charges and assessments of units of government."

rulings (ORS 305.105) and to see that revenue officers comply with the tax and revenue laws (ORS 305.120).

■       Plaintiffs' arguments also miss the mark because defendant did not seek a determination of the effect of section 11b upon plaintiffs' tax levy. To the contrary, defendant made its own determination that the urban renewal portion was misclassified. In fulfillment of its responsibilities to supervise and "control" the property tax system, defendant advised the assessor of that improper classification. Defendant's actions were not precluded by ORS 305.580 through 305.591. Now, therefore,

IT IS ORDERED that defendant's Motion for Summary Judgment is granted; and

IT IS FURTHER ORDERED that plaintiffs' Motion for Summary Judgment is denied. Defendant to recover costs and disbursements.